**ENTERED PURSUANT TO ADMINISTRATIVE ORDER NO. 19-03.**
**JOSIAH C. SELL, CLERK OF BANKRUPTCY COURT**

**BY: /s/ Shenae Williams**
**Deputy Clerk**

**Dated: 12:13 PM March 30 2026**

## THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO: 26-50463 |
| Mary Louise Cardille | ) | |
| | ) | Alan M. Koschik |
| | ) | BANKRUPTCY JUDGE |
| DEBTOR(S) | ) | |
| | ) | ORDER FOR EMPLOYER DEDUCTIONS |
| | ) | UPON Mary Louise Cardille |
| | ) | **Last 4 digits of SSN:0627** |


**CHAPTER 13**
Keith L. Rucinski
Trustee
One Cascade Plaza,
Suite 2020
Akron, OH 44308
(330)762-6335
Fax
(330)762-7072


The Debtor has voluntarily filed a petition under Chapter 13 of Title 11 of the United States Code (Bankruptcy Code) and pursuant to 11 USC § 1306 the Debtor has assigned all future income to the jurisdiction of the US Bankruptcy Court.

**NOTICE TO EMPLOYER:**

As the Debtor's employer, you are required to withhold funds from the Debtor's wages in the amount authorized by this order on account of the Debtor's monthly payment to the Chapter 13 Trustee (the "Trustee") required by the Debtor's Chapter 13 plan (the "Chapter 13 Plan Payment"). The Debtor has voluntarily assigned his wages pursuant to the Debtor's Chapter 13 Plan and the Debtor's voluntary participation in a Chapter 13 bankruptcy case. Therefore, the amount of the Chapter 13 Plan Payment to be withheld is not subject to the garnishment limitations of Ohio Revised Code § 2716.

Garnishments for child support, alimony, and pension loans should continue, as well as deductions for income and payroll taxes. All other garnishments should be discontinued. Once the permitted garnishments are paid and taxes withheld, the employer should withhold funds sufficient to cover the Debtor's Chapter 13 Plan Payment and transmit those funds to the Trustee as provided in this order. If the Debtor's net wages are insufficient to pay the full Chapter 13 Plan Payment, the employer should withhold the entire balance of the Debtor's net wages and notify the Trustee that the full withholding cannot be completed. Unless there are insufficient net wages to cover the

Chapter 13 Plan Payment in full, the employer may not change the amount of the Chapter 13 Plan Payment.

THE EMPLOYER IS HEREBY ORDERED, until further order of the Court, to submit the required Chapter 13 Plan Payment to:

**OFFICE OF THE CHAPTER 13 TRUSTEE**
**KEITH L. RUCINSKI, CHAPTER 13 TRUSTEE**
**3600 MOMENTUM PLACE**
**CHICAGO, IL 60689-5336**

**On-Line Option:** Alternatively, employers may make payments to the Trustee electronically through Nationwide TFS. Nationwide TFS is a private company not affiliated in any way with the Trustee. The Trustee does not share any fees paid to Nationwide TFS. For more information, please visit: **https://tfsbillpay.com/employer.**

**Note: To allow proper posting, the employer must include the Debtor's name and case number (please see the top of this pleading for case number) on all remittances.**

The Chapter 13 Plan Payment may be deducted from all income, including paid leave, earned by the Debtor. The employer is directed to deduct from the Debtor's income the monthly Chapter 13 Plan Payment amount of **$3350.00**. Based on the employer's pay cycle, this deduction begins on the next pay period, until further order by the Court. The following chart shows the correct per pay period amount that the employer must deduct from the Debtor's paycheck based on the pay cycle used by the employer to pay the Debtor.

| | |
|---|---|
| Monthly | $3,350.00 |
| Semi-Monthly | $1,675.00 |
| Bi-Weekly | $1,546.15 |
| Weekly | $773.08 |

**CHAPTER 13**
Keith L. Rucinski
Trustee
One Cascade Plaza,
Suite 2020
Akron, OH 44308
(330)762-6335
Fax
(330)762-7072

IT IS FURTHER ORDERED that the employer shall notify the Trustee if the Debtor's employment is terminated.

IT IS FURTHER ORDERED that the employer shall notify the Trustee if the Debtor is to receive any lump sum payment in addition to regular wages, such as bonuses, prior to making any lump sum payment to the Debtor.

**IT IS FURTHER ORDERED that this order supersedes all prior wage deduction orders in this case that the employer has received from the US Bankruptcy Court.**

###

Respectfully submitted,

**/s/ Keith L. Rucinski**

Keith L. Rucinski,Chapter 13 Trustee
Ohio Reg. No. 0063137
Joseph A. Ferrise, Staff Attorney
Ohio Reg., No 0084477
One Cascade Plaza, Suite 2020
Akron, OH 44308
Tel 330.762.6335
Fax 330.762.7072
**krucinski@ch13akron.com**
**jferrise@ch13akron.com**

**CONTACT INFORMATION**
**If you have any questions regarding this information please contact:**
**Office of the Chapter 13 Trustee**
**330-762-6335**
**trowe@ch13akron.com**

cc: **Mary Louise Cardille**
**8980 Crow Drive**
**Macedonia, OH 44056**

MICHAEL MORAN, ATTORNEY (via ECF)

Keith L. Rucinski. Chapter 13 Trustee (via ECF)

UNITED STATES POSTAL SERVICE
2825 LONE OAK PKWY
EAGAN, MN 55121-9640
(Via Regular Mail)

Office of the US Trustee (via ECF)

**CHAPTER 13**
Keith L. Rucinski
Trustee
One Cascade Plaza,
Suite 2020
Akron, OH 44308
(330)762-6335
Fax
(330)762-7072